UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DON ALAN JOHNSON,<br><br>      Petitioner,<br><br>v.<br><br>JOAN FABIAN, Commissioner of Corrections,<br><br>      Respondent. | Civil No. 08-04923 (DSD/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Don Johnson, Minnesota Correctional Facility - Faribault, OID # 215915, 1101 Linden Lane, Faribault, MN 55021, Petitioner, pro se.

Peter R. Marker, Assistant Minnesota Attorney General, 445 Minnesota Street, Suite 900, St. Paul, Minnesota, 55101, and Thomas H. Pertler, Assistant Carlton County Attorney, PO Box 300, Carlton, Minnesota, 55718, for Respondent.

FRANKLIN L. NOEL, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of Don Johnson ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1) Respondent has made a motion to dismiss. (Docket No. 7) Respondent argues that the petition contains both exhausted and unexhausted claims. Under *Rose v. Lundy*, 455 U.S. 509 (1982), such a petition must be dismissed. The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Petitioner's habeas corpus petition be dismissed.

**I. BACKGROUND**

Petitioner was charged in Carlton County District Court with one count of Assault in

the First Degree, one count of Theft of a Motor Vehicle, and one count of Fleeing a Peace Officer in a Motor Vehicle. The jury found Petitioner guilty of all three charges and the Court sentenced him to a 134-month prison term.

Petitioner appealed his conviction and sentence claiming (1) prosecutorial misconduct, (2) ineffective assistance of counsel, (3) insufficient evidence and (4) error in sentencing. The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits, and the Minnesota Supreme Court denied his subsequent petition for further review. *State v. Johnson*, No. A06-1263, 2007 WL 1674610, (Minn. Ct. App. June 13, 2007), *review denied* (Minn. August 21, 2007). Petitioner raises the same four claims in the instant petition for a writ of habeas corpus: (1) error in sentencing, (2) insufficient evidence, (3) ineffective assistance of counsel and (4) prosecutorial misconduct. Because Petitioner failed to alert the State Courts to the federal nature of three out of his four claims, the petition contains both exhausted and unexhausted claims and must be dismissed.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act, ("AEDPA"), prescribes the standards that govern review of Petitioner's habeas corpus claims. The relevant portion of AEDPA, 28 U.S.C. § 2254(d), provides that:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an

>unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Moreover, before a federal court can grant a habeas petitioner any relief, Petitioner must first exhaust his remedies in State Court by fairly presenting to the State Courts his federal claims. To exhaust his remedies in State Court, the Petitioner must refer the Court "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.2d 1025, 1031 (8th Cir. 2005). Petitioner must afford the state's highest court a fair opportunity to address his federal claims. *Baldwin v. Reese*, 541 U.S. 27, 30-32 (2004); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993).

### III. Petitioner Has Exhausted Only One Of The Four Claims Presented In His Petition

The Respondent argues that Petitioner has failed to exhaust his state court remedies. Respondent concedes that Petitioner has exhausted his State Court remedies with respect to his ineffective assistance of counsel claim, but contends that he failed to exhaust his State Court remedies with regard to the other three claims.

In his Petition, the Petitioner raises four grounds upon which he seeks habeas corpus relief: (1) error in sentencing, (2) insufficient evidence, (3) ineffective assistance of counsel and (4) prosecutorial misconduct. These claims were previously raised on appeal to the Minnesota Court of Appeals and were rejected on the merits. Petitioner then filed a Petition for further review with the Minnesota Supreme Court. In his appeals to the Minnesota Appellate courts, Petitioner failed to alert to the Minnesota courts to the federal nature of three out of the four claims.

A federal court cannot consider the merits of a habeas corpus petitioner unless the

petitioner can demonstrate exhaustion of all of the available state court remedies. 28 U.S.C. section 2254(b) and (c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Exhaustion of state remedies is required to ensure that state courts have the initial opportunity to review and adjudicate a petitioner's federal constitutional claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A claim is considered to be exhausted when the highest state court has been permitted a fair opportunity to rule on the factual and theoretical substance of the claim. *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir.1993) ( citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).

In order to give the state courts one full opportunity to resolve any constitutional issues, a prisoner must proceed through one full round of the State's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under circumstances in which a state has a two-tiered appellate review system, comity requires that review be requested at both appellate levels before the claims may be presented in federal court. *Id*. at 844. Failure to seek review of claims at all appellate levels of the state court system represents non-exhaustion of those claims. A prisoner cannot raise federal constitutional claims for the first time on petition for federal habeas corpus relief.  To provide the State the necessary opportunity to pass upon and correct alleged violations of its prisoner's federal rights, the prisoner must fairly present his constitutional claim in each state court, thereby alerting those courts to the nature of the claim. *Carney v. Fabian*, 441 F.Supp.2d 1014, 1022 (D. Minn. 2006).

In *Baldwin v. Reese*, 541 U.S. 27, 30-32 (2004), the Supreme Court wrote,

> "A litigant wishing to raise a federal issue can easily

> indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'".[1]

In his brief to the Minnesota Court of Appeals, Petitioner cited the federal case of *Strickland v. Washington*, 466 U.S. 688 (1984), which effectively communicated the federal nature of his ineffective assistance of counsel claim.  With respect to his other three claims, Petitioner did nothing to alert the Court that they were in any way grounded in federal law. He cited no federal cases.  Nor did he otherwise label the claim as federal or otherwise identify the claims as federal.  Nor did the appellate decision address any issue of federal constitutional law for these other three claims.  Petitioner's federal claims have not been fairly presented to the state courts, and are therefore unexhausted and may not be considered by the court in this federal habeas action.

As the petition contains both exhausted (ineffective assistance of counsel) and unexhausted (prosecutorial misconduct, sufficiency of evidence, sentencing error) claims, this is a mixed petition of unexhausted and exhausted claims. In *Rose v. Lundy*, the Supreme Court adopted a rule requiring courts to dismiss mixed petitions that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. at 510, 522. A petitioner may return to state court to exhaust his claims or file an amended petition in federal court

---

[1] The Supreme Court specifically held that when a prisoner appeals the denial of a habeas corpus petition to a state appellate court and does not identify a claim as federal in the brief submitted to the appellate court, that court is not required to review the lower court's decision to determine whether the lower court construed any of the prisoner's claims as federal.  The claims must be identified in the briefs submitted to the appellate court as federal - either by citing to federal case law or by labeling the claim "federal."  *Baldwin*, 541 U.S. at 30-32 (2004).

including only exhausted claims. In any event, Petitioner's present mixed petition must be dismissed.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254, (Docket No. 1), be DISMISSED.

Dated: March 20, 2009

                                              s/ Franklin L. Noel
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 8, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.